## COMMONWEALTH *vs.* DANIEL G. RIGGS.

It is for the court to determine what the words in an indictment are, by inspection of the writing.

An indictment for larceny " in a building, called and being a shop " is sustained by proof of a larceny in a building kept and used for the sale of goods, and called a " store."

On the trial of an indictment for larceny of goods, other goods may be proved to have been taken at the same time, and found with those described in the indictment in the defendant's possession; and such goods may be exhibited to the jury, and taken by them to their room.

It is sufficient proof of the value of the goods alleged to be stolen, if the jury are satisfied by all the evidence and by inspection of the goods, that they are of some value, though less than that alleged.

INDICTMENT for larceny in a " certain building, called and being a shop," in Blandford.

At the trial in the superior court in Hampden at December term 1859, before *Vose,* J., David Shurtleff testified that the goods were his, and were stolen from a " store " owned and kept by him in Blandford for the sale of goods. The defendant objected that there was a variance, because the goods were alleged in the indictment to be " of Daniel Shurtleff "; but the court, on inspection of the indictment, overruled the objection, on the ground that the indictment described them as " of David Shurtleff."

The defendant also objected that the proof of stealing from a " store " did not support the allegation of larceny in a " shop." But the court instructed the jury that Shurtleff's evidence, if believed, sustained the allegation of the indictment.

Evidence was admitted, against the defendant's objection, that other goods besides those described in the indictment were stolen at the same time, and afterwards found in the defendant's possession with those described in the indictment; and said other goods were exhibited to the jury, and taken by them to their room when they retired to make up their verdict, notwithstanding the defendant's objection.

The only direct evidence of the value of the goods did not prove them to be of the value alleged in the indictment; but the goods were exhibited to the jury and taken by them to their room; and the court instructed the jury, that if they were satisfied, by all the testimony in the case, and from an inspection of the property, that it was of any value, the allegation of value was sustained.

The defendant, being found guilty, alleged exceptions to all these rulings and instructions.

No appearance for the defendant.

*S. H. Phillips,* (Attorney General,) for the Commonwealth.

METCALF, J. 1. Whether Shurtleff's first name, as written in the indictment, was David or Daniel, was a question for the court, to be decided upon inspection of the writing. *Commonwealth* v. *Davis,* 10 Gray, .

2. The building in which the goods were stolen being a place kept and used for the sale of goods, was rightly denominated a shop in the indictment, conformably to the definition of the word " shop," by lexicographers generally, as well as by Williams and Tomlins in their law dictionaries. Besides ; no statute has prescribed a punishment for larceny in a store. That word is not found in our statutes. Hence the fact that the owner, in testifying, termed the building a store, was unimportant. Whatever name he might give to the building, it was nevertheless a shop.

3. The court rightly permitted Shurtleff to testify that goods not described in the indictment were taken at the same time when those therein described were taken, and that they were found in the defendant's possession, with those described in the indictment. " Where several felonies are connected together," says Bayley, J., " and form part of one entire transaction, then the one is evidence to show the character of the other." *The King* v. *Ellis*, 6 B. & C. 147, 148, and 9 D. & R. 178. See also 1 Phil. Ev. (4th Amer. ed.) 767 ; Archb. Crim. Pl. (10th ed.) 109. And it is no legal ground of exception, that the jury were allowed to take into their room, with the goods alleged to have been stolen, the goods that were taken at the same time.

4. The jury were correctly instructed, that if they were satisfied by all the evidence, and by inspection of the goods alleged to be stolen, that they were of any value, the allegation of value in the indictment was sustained. Proof of the alleged value was not necessary. It was sufficient for conviction, that the property alleged to be stolen should be shown to be of some value, at least to the owner, if to no one else — things of no value not being the subject of larceny. 2 Deac. Crim. Law 788, 3 Greenl. Ev. § 153. *Exceptions overruled*